## Case No. 4,281.
### The EDITH.
[5 Ben. 144;[1] 3 Chi. Leg. News, 370.]
District Court, S. D. New York. May, 1871.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

F. F. Marbury, for petitioners.
John Sedgwick, for mortgagor.

BLATCHFORD, District Judge. The claim of the mortgagees in each of these cases is evidenced by a mortgage of the vessel to secure the payment of a promissory note, dated New York, June 18th, 1869, whereby Charles Carow, the mortgagor, promises, twelve months after date, to pay to his own order "one thousand pounds sterling, lawful money of Great Britain, at the Merchants' National Bank in the city of New York, with interest at seven per cent., payable semi-annually." It is agreed by the parties, that the sum of £1,000 sterling, lawful money of Great Britain, is now worth, in New York, $4,850 in the gold coin of the United States, being at the rate of $4 85, in the gold coin of the United States, to the pound sterling, of such lawful money of Great Britain. I have no doubt that it was the intention of the parties to the notes and mortgages, that the sums of money thereby agreed and secured to be paid, should be solvable only in gold coin; that such were their contracts; and that such contracts are adequately expressed to that end, in such instruments executed at the time. Such contracts are as lawful, when made since the passage of the legal tender acts by congress, as they were when made before, and must be carried out according to their purport and intent. As a decree by a court of the United States for the payment of money can be made only for the payment of so many dollars of some species of money that is made lawful money by a statute of the United States, it follows that the recovery in these matters must be for so many dollars in gold and silver coin, lawful money of the United States, as are equivalent to the number of pounds sterling, lawful money of Great Britain, expressed in the notes and mortgages, with the agreed interest added, at the rate of conversion before stated. If the surplus and remnants in court consist of money that is less in value than gold and silver coin of the United States of an equal denomination, so much of such money must be applied to the satisfaction of the recovery, as will purchase the amount of gold and silver coin of the United States for which the recovery is had. These conclusions necessarily follow from the decisions in the cases of Bronson v. Rodes, 7 Wall. [74 U. S.] 229; Butler v. Horwitz, Id. 258, and Forbes v. Murray, in this court [Case No. 4,928].